SARAH DUNNING FORD v. JOHN H. KRAMBEER *et al.*
Appellants; LEVERITT DUNNING v. SAME;
SYLVIA DUNNING THAYER v. SAME.

**Construction of Will.** A will provided that lands should vest in a son upon the remarriage or death of his mother, and that he should pay certain legacies upon attaining majority, "provided he is then entitled to possession of said lands, if not, at such time as by the terms of the will he shall come in possession thereof." The mother deeded him the land so that he did become entitled to possession on reaching majority, and he in turn, deeded the land to another who assumed the legacies. The mother remains unmarried. *Held*, the legacies do not become due until the mother marries or dies.

*Appeals from Allamakee District Court.*—HON. L. O. HATCH, Judge.

THURSDAY, DECEMBER 13, 1894.

ACTIONS to recover certain legacies, and to establish liens therefor against certain real estate. Decrees for plaintiffs. Defendants appeal.—*Reversed.*

*F. S. Burling* for appellants.

*Stilwell & Stewart* for appellees.

KINNE, J.—I. These three cases involve the same question, and will, therefore, be determined in one opinion. They are actions at law for the recovery of certain legacies, the defense being that the legacies are not due. The facts are that in 1876 David Jemison made his will, which contained the following provisions: "*First.* I give and bequeath to my wife, Sarah Jemison, during her natural life, or as long as she remains my widow, the southwest quarter and the south half of the northwest quarter of section 24, T. 96, range 6; the northwest quarter and the west half of the northeast quarter of section 25, same town and range; also five hundred dollars of my personal estate, and all household goods. *Second.* At my said wife's decease, or at such time as she shall marry, I devise to my son, David M. Jemison, all the real estate described as my wife's dower, by his paying to my daughter, Frances E. Jemison, the sum of $2,000, to be paid in four equal annual installments of $500 each, the first payment to become due when my said son is twenty-one years of age, provided he is then entitled to the possession of said lands; if not, at such time as by the terms of this will he shall come in possession thereof. He is also to pay to my grand-

daughter, Silvia Dunning, $500 one year after the last
payment to said daughter, Frances, and $1,000 to my
grandson, Leveritt Dunning, in two annual payments
of $500 each, the first payable one year after the pay-
ment to Sylvia.    Also $500 to my granddaughter,
Sarah Dunning, one year after the last payment above
mentioned.''    The testator died December 25, 1879,
and his will was duly probated in 1880, his estate set-
tled, and the administratrix discharged October 18,
1881.    August 16, 1882, Frances E. Jemison (then
Frances E. Eaton) was paid the two thousand dollars
bequeathed to her, and David M. Jemison was released
and discharged from further liability therefor under
his father's will.    David M. Jemison was twenty-one
years of age on January 29, 1889.    February 28, 1888,
Sarah Jemison conveyed to David M. Jemison all of
her interest in, and to, the south half of the northwest
quarter and the north half of the southwest quarter of
section 24, in township 96 north, of range 6 west, of the
fifth principal meridian.    April 20, 1889, she conveyed
her interest in the same land, also in all that part of
the south half of southwest quarter of section 24, town-
ship and range aforesaid, lying north of the highway,
to David M. Jemison.    May 6, 1889, David M. Jemison
conveyed this land to George Lull for a consideration of
four thousand, twenty-six dollars and ninety-six cents,
subject to seven hundred and fifty dollars of the two
thousand dollar legacy to Silvia, Leveritt, and Sarah
Dunning, which seven hundred and fifty dollars the
grantor agreed to pay as a part of the purchase price
of said land.    July 14, Lull conveyed the land to
defendant Gerecke for six thousand and fifty dollars.
This deed contains the following provision:    "Subject
to a lien of about $750 in favor of Dunning heirs by
terms of will of David Jemison, which amount grantee
assumes and agrees to pay as part of the purchase price
according to the terms of said will, and being a *pro*

*rata* of the amount payable under said will." Sarah Dunning intermarried with one Ford. David M. Jemison is living. Sarah Jemison is living, and has never remarried. Sarah Jemison joined with David in the deed of conveyance, but retained her life interest in the proceeds of the sale. The lower court entered a decree in favor of the plaintiffs in each case, as prayed. From such decrees the defendants appeal.

II. Are the legacies in question due? The conditions of the will, the happening of which was necessary in order to mature the legacies, are as follows: "At my said wife's decease, or at such time as she shall marry, I devise to my son, David M. Jemison, all the real estate, * * * by his paying to my daughter, Frances E. Jemison, the sum of $2,000, to be paid in four equal annual installments of $500 each, the first payment to become due when my said son is twenty-one years of age, provided he is then entitled to the possession of such lands; if not, at such time as by the terms of this will he shall come in possession thereof." On the one hand it is contended that, as the widow is alive, and has never remarried, David M. Jemison, the son, is not entitled by the terms of the will to the possession of the lands; hence the legacies are not due. On the other hand it is said that, the deed from Sarah Jemison, the widow, to David, the son, wherein she conveyed to him her life estate in the lands, having been executed and delivered prior to the time the son arrived at his majority, entitled him to possession when he arrived of age; that the widow, by the sale to the son of her life estate, terminated the same as effectually as though she had died. We must so construe the will as to effectuate the testator's intent. These legacies matured when David M. Jemison became entitled to the possession of the land by the terms of the will; that is, when the widow died or remarried, providing the son, David, is then twenty-one years of age. By the terms of the will, David is to pay

them, when he arrives of age, if at that time his mother has died or has remarried; if not, then whenever one of these events shall happen whereby he is vested with the title to the real estate. In other words, it is not incumbent upon David to begin the payment of these legacies until the death or remarriage of his mother, and not then unless he has arrived of age. Now, it is true that David has arrived of age, but neither of the other events upon which the maturity of the legacies depend has happened. They are, therefore, not due. It matters not that David has title to the lands by deed from his mother, and that he has conveyed them to parties who have agreed to pay these legacies. According to the terms of the will, as we have seen, they are not yet due. The title to the land vested in David, which would mature the legacies, would be a title derived under and by virtue of the terms of the will, not by means of a voluntary conveyance from his mother, in the absence of the happening of the conditions stated in the will. The decrees of the learned district court were erroneous, and for the reasons stated each of them is REVERSED.